<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 21, 2026

Julie A. McGrain, Esq.
Federal Public Defender's Office, New Jersey
800 Cooper Street, Suite 350
Camden, NJ 08102
*Federally Appointed Counsel for Defendant*

Jennifer S. Kozar, Esq.
USAO
970 Broad Street
Newark, NJ 07102
*Counsel for the United States of America*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:  *United States v. Farod Baldwin*, Crim. No. 21-541-01 (SDW)**

Counsel:

Before this Court is Defendant Farod Baldwin's ("Defendant") Motion in Support of Criminal History Adjustment Under Amendment 821 (D.E. 51 ("CHA Motion" or "Motion").) For the reasons set forth herein, Defendant's Motion is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

**A.  Factual Background**

Defendant was a high-ranking member of a set of the national Bloods street gang known as Sex Money Murder ("SMM"). (D.E. 41 ("PSR") ¶ 14.) According to law enforcement, SMM was known to engage in violent disputes with other gangs, unlawfully distribute narcotics, and commit various firearm offenses. (*Id.*) On July 7, 2020, law enforcement officers saw Defendant enter an apartment with a gun, later identified as a Ceska Zbrojovka 9-millimeter P-10C semi-automatic

pistol. (*Id.* ¶¶ 16–17.) That same day, officers obtained an authorized search warrant authorizing them to search the apartment and discovered narcotics, a bullet-proof vest, and two high-capacity magazines, among other items. (*Id.* ¶¶ 17–19.) Law enforcement officers apprehended and arrested Defendant after he tried to flee the apartment. (*Id.* ¶ 18.) Then, the officers searched Defendant's car after a certified canine alerted them to the presence of contraband near the front passenger's side door. (*Id.* ¶¶ 16, 19.) Police officers recovered various high-capacity magazines, metal jacket cartridges, ammunition, as well as heroin and cocaine base, from the vehicle. (*Id.* ¶ 20.)

**B. Procedural History**

On July 9, 2021, a Grand Jury sitting in Newark, New Jersey returned a three-count indictment charging Defendant. (D.E. 20.) On June 22, 2022, Defendant pled guilty to count three of the indictment, possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1).[1] (D.E. 37; D.E. 38 ("Plea Hearing Tr.") 19:10–18, 20:22–21:8.) Counts one and two were subsequently dismissed. (D.E. 48 at 1.) On April 5, 2023, consistent with the Rule 11(c)(1)(C) plea agreement, Defendant received an 84-month sentence. (D.E. 48.)

At sentencing, this Court ruled that Defendant did not possess a high-capacity magazine.[2] (D.E. 50 6:20–7:3.) Accordingly, Defendant's offense level was lowered from twenty-seven, the level identified in the Presentence Report, to twenty-five, and the guideline range became 100 to 120 months. (*See* PSR at 36 (explaining that if Defendant did not possess a high-capacity magazine his offense level would be 25).) Defendant's prior convictions resulted in eight criminal history points, and he received two status points for being under a criminal justice sentence at the time of the offense. (PSR ¶¶ 47–49.) Therefore, Defendant's criminal history score was ten points, making his criminal history category ("CHC") a level five. (*Id.* ¶ 49.)

On February 21, 2024, Defendant filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (D.E. 49.) On May 15, 2024, Defendant's court-appointed counsel explained that Defendant was ineligible for a sentence reduction under Amendment 821. (D.E. 51 at 1.) Instead, the submission detailed how counsel advised Defendant that he could petition this Court for an order lowering his total number of criminal history points to decrease his CHC. (D.E. 51 at 2–3.)

On August 8, 2024, Defendant filed the instant CHA Motion. (D.E. 51.). On December 26, 2024, Defendant filed his Citation of Supplemental Authorities in Support of his CHA Motion. (D.E. 53.) The Government filed its opposition on February 19, 2025. (D.E. 55.)

---

[1] Defendant was previously convicted in the New Jersey Superior Court, Essex County, which makes him a convicted felon and not permitted to possess a firearm. (D.E. 41.)

[2] Defendant objected to the PSR's description of the Ceska Zbrojovka 9-millimeter P-10C semi-automatic pistol as containing a "high-capacity" magazine. (PSR at 35.) The United States Probation Office responded to Defendant's objection but ultimately determined whether the pistol featured a high-capacity magazine was an issue to be determined by the Court. (*Id.* at 36.)

## II.    LEGAL STANDARD & DISCUSSION

### A.  Motion for Sentence Reduction

Defendant's Motion for Sentence Reduction Pursuant to Amendment 821 was denied on April 5, 2023.  (D.E. 58.)  A federal district court may reduce an otherwise final sentence pursuant to a retroactive amendment to the U.S.S.G. "if a reduction is consistent with . . . policy statements." *Dillon v. United States*, 560 U.S. 817, 821 (2010).  This Court is bound by the policy statement that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."   U.S.S.G.  §  1B1.10(b)(2)(A).   Since Defendant was sentenced to eighty-four months, he is already at the bottom of the amended guidelines range.  Therefore, he is not eligible for a sentence reduction under Amendment 821, and his motion was properly denied.

### B.  CHA Motion

Defendant seeks a court order stating that his CHC should be lower pursuant to Amendment 821 to 18 U.S.C. § 3582(c)(2).  (D.E. 51 at 3–4.)  More specifically, Defendant's CHA Motion requests that this Court issue an order decreasing the number of criminal history status points that Defendant received from two to one.  (*Id.* at 3.)  This adjustment would bring Defendant's total score down from 10 to 9, lowering his CHC from category five to four.  (D.E. 41, 51.)  Defendant argues that Amendment 821, which, among other changes, eliminated and replaced U.S.S.G. § 4A1.1(d) with U.S.S.G. § 4A1.1(e), justifies this instant CHA Motion.  (D.E. 51 at 3.)

On November 1, 2023, Amendment 821 went into effect.  The original change adjusted the method for calculating status points to "add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal judicial sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  U.S.S.G.  §  4A1.1(e).  Before Amendment 821, two points were added if a defendant met the criteria in subsections (1) and (2).  Additionally, the Sentencing Commission has stated that Amendment 821 applies retroactively.  *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023).

As a preliminary matter, if this Court were to grant a sentence reduction, Defendant's new total CHC would be calculated at a level four, and his sentence would be adjusted accordingly. However, as discussed above, Defendant is not eligible for a reduction of his sentence. Amendment 821 to 18 U.S.C. § 3582(c)(2) does not confer jurisdiction on courts to independently recalculate a defendant's criminal history points.  *See Pepper v. United States*, 562 U.S. 476, 502 (2011) ("Once imposed, a sentence may be modified only in very limited circumstances."); "'Congress intended to authorize only a limited adjustment to an otherwise final sentence . . . within the narrow bounds established by the Commission.'"  *United States v. Berberena*, 694 F.3d 514, 522 (3d Cir. 2012) (omission in original) (quoting *Dillon*, 560 U.S. at 826, 831).  This is not one of those limited circumstances.

Defendant supports his argument by citing various district court opinions granting defendants' motions to reduce criminal history points and CHC, even when those defendants were not eligible

3

for a sentence reduction.  (D.E. 53 at 2–3.)  The Government similarly supports its opposition to Defendant's CHA Motion by citing several decisions where district courts concluded they lacked authority to reduce defendants' criminal history points and CHC.  (D.E. 57 at 4.)  While there is a split among district courts about whether a court could act outside the context of a sentence reduction, the fact that some other district courts have done so "is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (citation omitted).  A split among district courts inherently involves cases that result both favorably and unfavorably for Defendant, but none of those cases are binding on this Court.[3]  Neither 18 U.S.C. § 3582(c)(2) nor any changes resulting from Amendment 821 expressly state that courts may retroactively lower a defendant's criminal history score or CHC outside the context of a sentence reduction.  Instead, there is a presumption that a cause is outside the scope of a federal court's limited jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Without any grant of authority in positive law, this Court declines to follow the example of the cases cited by Defendant. Therefore, this Court lacks jurisdiction to grant Defendant's CHA Motion and therefore it is denied.

## IV.     CONCLUSION

For the foregoing reasons, this Court **DENIES** Defendant's Motion.  An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties

---

[3] *Compare United States v. Bean*, 759 F. Supp. 3d 306, 313 (D.N.H. 2024) (concluding that the court has the authority to lower defendant's criminal history score and category, and grants defendant's request), *and United States v. Thomas*, No. 01-58, 2025 WL 2383613, at *4 (D.N.J. Aug. 18, 2025) ("[T]o render complete justice to the parties, the [c]ourt may recalculate Thomas's criminal history score and category."), *with United States v. Williams*, No. 15-69, 2024 WL 1435090, at *1 (D. Me. Apr. 3, 2024) (accepting Magistrate Judge Nivison's recommendation that the defendant's Motion for an Order regarding Criminal History be denied due to the court's lack of authority to act), *and United States v. Bueno-Beltran*, No. 15-189, 2024 WL 3633641, at *3 (D.P.R. Aug. 2, 2024) ("[T]he BOP, rather than the judiciary, is responsible for implementing a risks and needs assessment system, managing time credits, and making security classifications.").